# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**PATRICK DWYON JONES, Kinship of Coosa Nation of North America (USA)**

    Plaintiff,

v.           Case No: 5:22-cv-482-GAP-PRL

**DAVID RAMOS, FNU BERLYNE, PATRIENA ALLEN, JONATHAN LAMONT OWENS, SR , KWAVIUS LENARD WILLIAMS, JONATHAN LAMONT OWENS, JR , USAA CASUALTY INSURANCE COMPANY, STATE OF FLORIDA and SUMTER COUNTY SHERIFF,**

    **Defendants.**

## ORDER

Plaintiff, Patrick Dwyon Jones, who is proceeding *pro se*, filed this action against numerous defendants, including USAA Casualty Insurance Company, the State of Florida, the Sumter County Sheriff, and various individuals. Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

    **I.**     **Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated

to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II.   Discussion

Plaintiff's complaint (Doc. 1) consists of approximately 62 pages of allegations, including a form "Complaint and Request for Injunction" and an "Affidavit of Truth." It appears that Plaintiff's grievance arises out of an automobile accident that occurred in the vicinity of the Webster Flea Market on February 17, 2022. As best can be discerned from the complaint, Plaintiff alleges that he was a passenger in a vehicle that was involved in an accident. Plaintiff contends that he was thrown from the vehicle, suffered injuries, and left the scene while disoriented. He contends that he returned later but was unable to convince authorities that he was a passenger in the accident vehicle. Plaintiff alleges that he was investigated for insurance fraud and was later interrogated and subjected to racial profiling by the state's "security enforcers." He alleges that, on July 1, 2022, Florida State troopers "assaulted, terrorizedored [sic] and kidnap[ped]" him under the guise of an interrogation, and that he was arrested and taken to the Sumter County Jail. Plaintiff claims kinship with Coosa Nation of North America and identifies as an American Indian. (Doc. 1 at 31). Plaintiff has named nine defendants, including various individuals (presumably private citizens), state troopers, an insurance company, the State of Florida, and the Sumter County Sheriff.

In terms of relief, Plaintiff's form complaint is titled "Complaint and Request for Injunction," however, when asked to state his request for relief, he states that, "[s]ecurity forces of the STATE OF FLORIDA are rogue and unconstitutional with no checks and

balances that caused me trauma and criminalize me due to the uninvestigated fabrication of stories…" (Doc. 1 at 9-10). Plaintiff appears to request unspecified monetary damages.

As an initial matter, Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. Instead, Plaintiff's complaint is replete with dubious legal conclusions, argument, and conjecture. Further, although Plaintiff has provided a lengthy narrative of facts, it is not clear as to which legal claims the various facts relate. For that matter, it is not even clear what legal claims are brought, much less which defendants are sued in which claims. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Moreover, and significantly, Plaintiff has not alleged any viable basis for his claims under federal law. Plaintiff asserts that the basis of jurisdiction is federal question and cites the following criminal statutes as the legal basis for his claims: (1) 18 U.S.C. § 1091 (regarding genocide); (2) 18 U.S.C. § 242 (relating to deprivation of rights under color of law); and (3) 18 U.S.C. § 2331(5) (defining domestic terrorism). However, private rights of action to enforce federal law can only be created by Congress. *See Morales v. U.S. Dist. Court for S. Dist. of Fla.*, 580 F. App'x 881, 886 (11th Cir. 2014). The text of a criminal statute must clearly demonstrate congressional intent to create both new rights and a private remedy. *Id.* None of the statutes cited by Plaintiff contain an intent to create a private cause of action, nor does Plaintiff identify any authority suggesting that they do allow for a private cause of action. Indeed, one of the statutes cited (18 U.S.C. § 2331(5) merely contains definitions.

Out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for his claim. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.   Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **December 18, 2022,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this


- 5 -

District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on November 23, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties